UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:
STEVEN WADE NEWCOMB,　　　　　　　　　　　Chapter 7
　　　　　DEBTOR.　　　　　　　　　　　　　　　　Case No. 13-14840-WCH

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

The matter before the Court is the "Objection of the Chapter 7 Trustee to the Debtor's Claim of Homestead Exemption" (the "Objection") filed by Warren E. Agin (the "Trustee"), the Chapter 7 trustee of the estate of Steven Wade Newcomb (the "Debtor"), and the Debtor's response thereto (the "Response"). The Trustee objects to the Debtor's claimed exemption under the Massachusetts Homestead Statute[1] on the basis that the declaration of homestead is defective and, in any event, the real property in question, title to which is held by a trust for the benefit of another trust, is not owned by a "natural person" as that term is used in the statute. For the reasons set forth below, I will overrule in part and sustain in part the Objection.

**II. BACKGROUND**

Despite some initial confusion regarding the identification of the relevant trust instruments, the facts necessary to decide this matter are no longer in dispute. Instead, the parties simply disagree as to the legal implications arising from them.

On August 14, 2013, the Debtor filed a voluntary Chapter 7 petition. On "Schedule A – Real Property" ("Schedule A"), he indicated he held an interest as a joint tenant in real property

---

[1] Mass. Gen. Laws ch. 188, § 1 *et seq.*

1

located at 72 Eagle Trace in Bridgewater, Massachusetts (the "Property"). The Debtor listed the fair market value of the Property as $443,453.00, and subject to secured claims in the amount of $248,674.31. On "Schedule C – Property Claimed as Exempt" ("Schedule C"), the Debtor claimed an exemption in the Property pursuant to Mass. Gen. Laws ch. 188, § 1 in the amount of $500,000.00 (the "Exemption").

Notwithstanding the Debtor's representation on Schedule A, title to the Property is held by a nominee trust known as the Seventy-Two Eagle Trace Realty Trust (the "Realty Trust").[2] The Debtor and his non-debtor spouse, Regina M. Newcomb ("Regina"), are the trustees of the Realty Trust.[3] Under the terms of the Realty Trust, the trustees may only exercise their powers as directed by the beneficiaries.[4] The beneficiaries of the Realty Trust may terminate of the trust at any time, the result of which would be that the trust property would be distributed to the beneficiaries in proportion to their interests in the Realty Trust.[5] The Schedule of Beneficial Interests attached to the Realty Trust indicates that The Regina M. Newcomb Revocable Trust (the "Revocable Trust") is the sole beneficial interest holder.[6]

The Revocable Trust is a much more complicated estate planning tool. In broad strokes, Regina is the settlor with a retained power to amend or revoke, the initial sole trustee, and the sole beneficiary during her lifetime.[7] Upon her death, the Revocable Trust splits into a number

---

[2] Ex. 6, Docket No. 88; Ex. A, Docket No. 58.

[3] Ex. A, Docket No. 58 at 1.

[4] *Id.* at 2-3.

[5] *Id.* at 3-4.

[6] *Id.* at 8.

[7] Ex. 2, Docket No. 88 at 1-8, 57.

of sub-trusts for the benefit of the Debtor or Regina's descendants.[8] The composition of these sub-trusts is designed to obtain the most favorable treatment for the trust *res* as possible under the applicable state and federal tax laws.[9] As is relevant here, the Debtor, if he survives Regina, may, in the discretion of the Revocable Trust's trustee, enjoy lifetime distributions from the "Credit Shelter Trust," "Marital Trust A," and "Marital Trust B."[10] The Debtor would also hold a limited power of appointment to direct the final disposition of the Credit Shelter Trust's *res* upon his death.[11]

The basis of the Exemption is a Declaration of Homestead (the "Declaration") the Debtor and Regina, as trustees of the Realty Trust, recorded on June 1, 2011. The Declaration, which appears to be a form produced by the Real Estate Bar Association for Massachusetts, provides as follows:

DECLARATION OF HOMESTEAD
M.G.L. c. 188 § 3 (For Homes Owned by Trustee(s))

We Steven W. Newcomb and Regina M. Newcomb, Trustee(s) of the Seventy-Two Eagle Trace Realty Trust u/d/t dated 8/29/2001, hereby declare homestead pursuant to M.G.L. c. 188 § 3, for the benefit of the beneficiaries hereinafter named with respect to the herein-described premises and state as follows:

1. Said Declaration of Trust is recorded in the Plymouth County Registry of Deeds in Book 23567, Page 93

2. We are the owners as Trustee(s) of the premises at 72 Eagle Terrace [sic], Bridgewater, Massachusetts, by virtue of a deed from Steven W. Newcomb and Regina M. Newcomb dated 6/14/2005 and recorded in said Registry of Deeds in Book 29981, Page 346 which premises Steven W. Newcomb and Regina M. Newcomb as beneficiaries of the trust, occupy or intend to occupy as their principal residence.

---

[8] *Id.* at 9-24.

[9] *Id.*

[10] *Id.* at 9-17.

[11] *Id.* at 11.

    3. Beneficiaries Steven W. Newcomb and Regina M. Newcomb are married to each other.

Signed under the penalties of perjury this 31st day of May, 2011

                          /s/_____
                          Steven W. Newcomb
                          /s/_____
                          Regina M. Newcomb[12]

Although the Declaration indicates that the Debtor and Regina are trustees of the Realty Trust, and that the Realty Trust holds title to the Property, it erroneously states that they are beneficiaries of the Realty Trust without reference to the Revocable Trust.

    The Trustee was appointed on August 15, 2013. The Debtor appeared at the meeting of creditors held pursuant to 11 U.S.C. § 341 (the "Meeting of Creditors") on September 18, 2013. The Trustee continued the Meeting of Creditors twice before ultimately concluding it on December 4, 2013. The reason for these continuances, as evidenced by the Trustee's filing a motion for turnover on October 29, 2013, was the Debtor's failure to turnover various documents, including several declarations of trust which would have promptly clarified the ownership of the Property.

    On January 22, 2014, the Trustee filed the Objection. After several extensions, the Debtor filed the Response on April 1, 2014, to which the Trustee filed a reply on April 18, 2014. I conducted a hearing on April 23, 2014, and at the conclusion of oral arguments, took the matter under advisement. Both parties filed supplemental memoranda on May 22, 2014.

---

[12] Ex. 7, Docket No. 88.

### III. POSITIONS OF THE PARTIES

    A. The Trustee

The Trustee begins by asserting that the Declaration is defective because it misidentified the beneficiaries of the Realty Trust as the Debtor and Regina. In support, he posits:

> A written declaration of homestead must identify the owners designated to benefit. The Debtor's declaration erroneously identified himself and his wife as the "owners," but they were not then and are not now the owners, not by statutory definition or common law, and neither were they the trust beneficiaries.[13]

As such, the Trustee argues that the Debtor is not entitled to an declared homestead in the amount of $500,000.

Next, the Trustee further argues that the Debtor is not entitled to an automatic homestead under the Massachusetts Homestead Statute. Noting that the beneficiary of the title holding Realty Trust is the Revocable Trust, he contends that only a trust beneficiary who is a "natural person" may be an "owner" entitled to the protection of the Massachusetts Homestead Statute. As previously stated, the Trustee denies that either the Debtor or Regina are "owners" as trust beneficiaries. As justification, he bemoans the Debtor's actions as "contrived to bury title to assets within an array of unnecessarily complex documents for one obvious purpose: asset protection by obfuscation."[14] He therefore reasons that

> [b]y using "natural person" to qualify those entitled to benefit from the homestead, the Massachusetts legislature meant to keep the benefit from those who choose to order their affairs in ways that create legal fiction or otherwise remove natural personhood from the burden of obligations. . . . The Debtor and his spouse cannot claim the benefit of natural personhood after taking deliberate steps to remove themselves, personally, from such associated burdens.[15]

---

[13] Objection, Docket No. 58 at ¶ 27.

[14] Reply to Debtor's Response to Homestead Exemption (the "Reply"), Docket No. 96 at 1.

[15] Objection, Docket No. 58 at ¶¶ 23, 26.

It is unclear whether Trustee is solely relying on equitable estoppel, or whether he contends that homestead protection does not otherwise extend to a natural person who is the beneficiary of a trust that is the beneficiary of a title holding trust under any circumstances. He did, however, claim that Judge Hoffman's recent decision in *In re Vanbuskirk*[16] is inapposite because those "debtors did not claim their homestead through exercise of a dormant trust provision held by non-debtor parties."[17]

The Trustee also disputes the Debtor's assertion that Regina should be considered the true owner of the Property in light of her power to revoke. First, he explains that because Regina is not the sole trustee and sole beneficiary of both the Revocable Trust and the Realty Trust, no merger of legal and equitable interests can take place. Second, to the extent that Regina has not exercised her power to revoke, the Trustee contends that it can have no effect as to the status of the Debtor's ownership rights in existence as of the petition date. Third, he argues that case law which has treated a power to revoke or amend as akin to outright ownership have done so in the context of a creditor's remedy and has no application where the power is not held by the Debtor. Finally, the Trustee urges that the Debtor and Regina should not be allowed to use equitable theories, such as resulting or constructive trusts, where the Debtor purposely placed the Property into the Realty Trust and out of his reach.

Alternatively, the Trustee asserts that the Debtor's Exemption must be limited to whatever limited ownership interest he has in the Revocable Trust.

---

[16] *In re Vanbuskirk*, No. 13-41947-MSH, 2014 WL 2114483 (Bankr. D. Mass. May 20, 2014).

[17] Trustee's Supplemental Brief in Support of Homestead Objection (the "Trustee's Brief"), Docket No. 120 at 4.

6

B. The Debtor

In support of the Exemption, the Debtor advances two theories. First, the Debtor relies on Judge Hoffman's *In re Vanbuskirk* decision for the proposition that the holder of a beneficial interest in a trust which holds a beneficial interest in another trust that owns the home may claim a homestead exemption in the home.[18] Second, the Debtor posits that Regina's power to amend or revoke the Revocable Trust, albeit unexercised at the time of the petition, allows her to be deemed the owner and claim a homestead exemption. In support, he cites *In re Behan*,[19] where a Chapter 7 trustee was able to compel the turnover of trust property where the debtor held an unexercised power of appointment.

## IV. DISCUSSION

From the outset, I note that pursuant to 11 U.S.C. § 522(l), exemptions listed on Schedule C are presumptively valid in the absence of an objection.[20] Therefore, Fed. R. Bankr. P. 4003(c) places the burden to prove that an exemption is not properly claimed on the objecting party.[21] As the issue at bar involves the interpretation of the Massachusetts Homestead Statute, I must remain mindful that the "Massachusetts homestead exemption is to be liberally construed in favor of the declarant"[22] and try to predict how the Massachusetts Supreme Judicial Court would rule.[23]

---

[18] *In re Vanbuskirk*, 2014 WL 2114483, at *10.

[19] *Casey v. Schneider (In re Behan)*, 506 B.R. 8 (Bankr. D. Mass. 2014).

[20] 11 U.S.C. § 522(l) ("Unless a party in interest objects, the property claimed as exempt on such list is exempt.").

[21] Fed. R. Bankr. P. 4003(c). *See Shamban v. Perry (In re Perry)*, 357 B.R. 175, 178 (B.A.P. 1st Cir. 2006).

[22] *In re Genzler*, 426 B.R. 407, 418 (Bankr. D. Mass. 2010); *see Shamban v. Masidlover*, 429 Mass. 50, 53 (1999); *Dwyer v. Cempellin*, 424 Mass. 26, 30 (1996).

[23] *See Garran v. SMS Financial V, LLC (In re Garran)*, 338 F.3d 1, 6 (1st Cir. 2003) (recognizing that where Massachusetts courts have not yet addressed an issue, the court must predict how the Massachusetts Supreme Judicial Court would interpret the statute); *Caron v. Farmington Nat'l Bank (In re Caron)*, 82 F.3d 7, 9 (1st Cir.

Rights to exemptions are fixed as of the date of the petition.[24] Under 11 U.S.C. § 522(b), "an individual debtor may exempt from property of the estate the property listed in . . . paragraph (3) of this subsection," which allows a debtor to claim the exemptions provided for under applicable state law.[25] Here, Exemption claimed is under the Massachusetts Homestead Statute.

In 2010, the Massachusetts Legislature enacted a comprehensive revision to the Massachusetts Homestead Statute extending homestead protection to circumstances where it had not previously applied. For example, the amendment introduced the concept of an "automatic homestead exemption" in the amount of $125,000 which applies in the absence of a valid declared homestead exemption.[26] As a result of these changes, parsing the Massachusetts Homestead Statute now involves a complicated web of defined terms and cross-references.

Starting at the most natural place, Mass. Gen. Laws ch. 188, § 3, provides that:

> [a]n estate of homestead to the extent of the declared homestead exemption in a home may be acquired by 1 or more owners who occupy or intend to occupy the home as a principal residence.[27]

Subject to certain conditions that will be explained more fully below, the Massachusetts Homestead Statute generally defines a "declared homestead exemption" as "an exemption in the amount of $500,000 created by a [properly executed and recorded] written declaration" with respect to a "home."[28] A "home," is

---

1996) (holding that a federal court must decide an issue regarding the interpretation of a state law according to its anticipation of how the highest state court would hold).

[24] 11 U.S.C. § 522(b)(3)(A).

[25] 11 U.S.C. § 522(b)(1), (3)(A).

[26] Mass. Gen. Laws ch. 188, §§ 1, 4.

[27] Mass. Gen. Laws ch. 188, § 3(a).

[28] Mass. Gen. Laws ch. 188, § 1.

    the aggregate of: (1) any of the following: (i) a single-family dwelling, including accessory structures appurtenant thereto and the land on which it is located; (ii) a 2 to 4-family dwelling, including accessory structures appurtenant thereto and the land on which it is located; (iii) a manufactured home as defined in section 32Q of chapter 140; (iv) a unit in a condominium, as those terms are defined in section 1 of chapter 183A, that is used for residential purposes; or (v) a residential cooperative housing unit established pursuant to chapters 156B, 157B, 180 or otherwise; (2) the sale proceeds as provided in clause (1) of subsection (a) of section 11; and (3) the proceeds of any policy of insurance insuring the home against fire or other casualty loss as provided in clause (2) of said subsection (a) of said section 11.[29]

A "principal residence," in turn, is defined as "the home where an owner . . . resides or intends to reside as the primary dwelling; provided, however, that no person shall hold concurrent rights in more than 1 principal residence."[30] Similarly, the automatic homestead exemption "exist[s] in a home for the benefit of the owner and the owner's family members who occupy or intend to occupy the home as a principal residence."[31] There is no dispute that the Property contains a home and is used by the Debtor as a principal residence.

  The first issue presented by the Objection involves the definition of an "owner," which applies equally to the declared and automatic homestead exemptions.[32] An "owner" is defined as "*a natural person* who is a sole owner, joint tenant, tenant by the entirety, tenant in common, life estate holder or *holder of a beneficial interest in a trust*."[33] The Trustee, emphasizing the statute's requirement that "the holder of the beneficial interest in a trust" be "a natural person," reasons that the Massachusetts Homestead Statute cannot apply because the holder of the

---

[29] *Id.*

[30] *Id.*

[31] Mass. Gen. Laws ch. 188, § 4.

[32] If the Debtor is not an "owner" as that term is defined in the Massachusetts Homestead Statute, it does not matter whether the Declaration is defective.

[33] Mass. Gen. Laws ch. 188, § 1 (emphasis added).

9

beneficial interest in the Realty Trust is not a natural person, but the Revocable Trust. The Debtor, however, is the holder of a contingent remainder interest in the Revocable Trust.[34] As recognized by Judge Hoffman in *In re Vanbuskirk*,

> [t]here is no hint in the statute's definition of owner that it should be narrowly construed to protect only individual beneficiaries of the title-holding trust. In fact, the statute refers to the "holder of *a* beneficial interest in a trust" suggesting any trust, not just *the* title-holding trust, should qualify.[35]

Judge Hoffman thus concluded that "being the trust beneficiary of a downstream trust . . . does not disqualify [a debtor] from claiming [a] homestead exemption in the trust property. . ."[36]

I agree with Judge Hoffman that the Massachusetts Homestead Statute's use of the phrase "holder of *a* beneficial interest in a trust" is compelling and should be read inclusively. The Trustee's attempt to distinguish *In re Vanbuskirk* on the basis that Regina, rather than the Debtor, holds the general power of appointment misses the mark, as the case's holding rests on the existence of the debtors' beneficial interests rather than their unexercised powers. Therefore, I agree with *In re Vanbuskirk* and similarly predict that the Supreme Judicial Court of Massachusetts would hold that the beneficiary of a trust which is the beneficiary of a title holding trust can be an "owner" qualifying for protection under the Massachusetts Homestead Statute.

In a flailing attempt to reach a different result than *In re Vanbuskirk*, the Trustee seemingly resorts to equity, accusing the Debtor of "improper[ly]"[37] using "unnecessarily

---

[34] The Debtor's property interests were fixed as of the date of the petition. *See* 11 U.S.C. § 541(a). Therefore, Regina's unexercised power to amend or revoke the Revocable Trust is not relevant. While a *debtor's* unexercised general power of appointment may form a basis for a Chapter 7 trustee or a creditor to reach the assets of the trust and bring them into the bankruptcy estate, *see, e.g., In re Behan*, 506 B.R. at 19, there is no authority for the proposition that a non-debtor's similar unexercised power can be viewed to remove property from the estate.

[35] *In re Vanbuskirk*, 2014 WL 2114483, at *10 (emphasis in original).

[36] *Id.*

complex documents"[38] to "conceal"[39] and "obfuscate[]"[40] the ownership of assets "he transferred away."[41] Notably, he stops short of suggesting bad faith or fraud, and his basis for believing the trust documents to be *unnecessarily* complex is not explained. While I recognize the Trustee's frustration, particularly in light of the Debtor's apparent failure to deliver timely the relevant documents, his vitriol is neither relevant to the present question nor factually supported. The central flaw in the Trustee's reasoning is that transparency of ownership is not a prerequisite for homestead protection. To the contrary, in Massachusetts, "[a] nominee trust is often used to hold legal title to real estate so that the identity of the trust beneficiary may remain undisclosed,"[42] yet there is nothing in the statute to suggest that the undisclosed holders of a beneficial interest in such a nominee trust cannot be "owners" and obtain an automatic homestead exemption without recording a declaration of homestead.

Having determined that the Debtor holds an interest subject to homestead protection under the Massachusetts Homestead Statute, I must now consider whether his homestead is "automatic" or "declared." The essential difference between the two is declared homestead exemption is "created by a written declaration, executed and recorded pursuant to section 5."[43] Mass. Gen. Laws ch. 188, § 5(a) provides in relevant part:

---

[37] Trustee's Brief, Docket No. 120 at 7.

[38] Reply, Docket No. 96 at 1.

[39] Objection, Docket No. 58 at ¶ 22.

[40] Reply, Docket No. 96 at 3.

[41] *Id.*

[42] *Morrison v. Lennett*, 415 Mass. 857, 860, 616 N.E.2d 92, 94 (1993).

[43] Mass. Gen. Laws ch. 188, § 1.

>(a) A declaration of homestead shall be in writing, signed and acknowledged under penalty of perjury by each owner to be benefited by the homestead, except as provided in clause (4), shall be recorded and shall comply with the following:
>>(1) each owner to be benefited by the homestead, and the owner's non-titled spouse, if any, shall be identified;
>>(2) the declaration shall state that each person named therein occupies or intends to occupy the home as their principal residence;
>>(3) if the home is co-owned by a married couple, whether in their names only or as co-tenants with others, and the home is the principal residence or is intended to be the principal residence of both spouses, a declaration under section 3 shall be executed by both spouses; and
>>(4) if the home is owned in trust, only the trustee shall execute the declaration.[44]

There is no dispute that the Debtor and Regina recorded the Declaration. The Declaration properly identified them, spouses, as the owners to be benefited by the homestead, and indicated that they occupied the Property as their principal residence.[45] Moreover, they clearly executed the Declaration as trustees of the Realty Trust.[46] On its face, the Declaration satisfies all the requirements of Mass. Gen. Laws ch. 188, § 5(a).

Nevertheless, the Trustee maintains that the Declaration is defective because it contains false information. Specifically, his complaint is lodged at the following passage from the Declaration:

>We are the owners as Trustee(s) of the premises at 72 Eagle Terrace [sic], Bridgewater, Massachusetts, by virtue of a deed from Steven W. Newcomb and Regina M. Newcomb dated 6/14/2005 and recorded in said Registry of Deeds in Book 29981, Page 346 which premises Steven W. Newcomb and Regina M. Newcomb *as beneficiaries of the trust*, occupy or intend to occupy as their principal residence.[47]

---

[44] Mass. Gen. Laws ch. 188, § 5(a).

[45] *See* Mass. Gen. Laws ch. 188, § 5(a)(1)-(3).

[46] *See* Mass. Gen. Laws ch. 188, § 5(a)(4).

[47] Ex. 7, Docket No. 88.

12

Without question, this statement, if not inaccurate, is at very least imprecise, but I fail to see how it could be fatal to the Declaration considering Mass. Gen. Laws ch. 188, § 5(a) does not require this information at all.[48] The Declaration need only identify the "owner," which, as the Trustee has repeatedly emphasized, is *a natural person*.[49] Because an owners are not under any obligation to explain the derivation of their ownership interest in the home and such an error prejudices no one, I predict that the Supreme Judicial Court would deem the error immaterial and uphold the validity of the homestead declaration.

Lastly, as indicated above, a declared homestead exemption is subject to the further condition that

> if a home is owned by . . . trust beneficiaries, the declared homestead exemption for each . . . trust beneficiary who benefits by an estate of homestead declared pursuant to said section 3 shall be the product of: (i) $500,000; and (ii) the . . . trust beneficiary's percentage ownership interest . . .[50]

Because the Debtor holds only a contingent future interest in the Revocable Trust, he is not entitled to the full amount of the declared homestead exemption, thus rendering the Exemption objectionable. As no party has sought to value that fractional interest, I am unable to quantify the Debtor's share of the declared homestead exemption at this time. Therefore, I will order the Debtor to file a further amended Schedule C consistent with this decision to which the Trustee will be free to object.

---

[48] Indeed, the Declaration validly identifies Regina and the Debtor as beneficiaries of the Realty Trust which one or both of them are or could be pursuant to the provisions of the Revocable Trust. There is nothing in the Declaration inconsistent with the established facts of ownership of the Property.

[49] Mass. Gen. Laws ch. 188, § 5(a)(1).

[50] *Id.*

13

## V. CONCLUSION

In light of the foregoing, I will enter an order sustaining in part the Objection as the value of the Exemption, overruling the Objection as to the availability of the Massachusetts Homestead exemption, and ordering the Debtor to file a further amended Schedule C to reflect an exemption in a contingent remainder interest.

*William C. Hillman* (signature)

_____
William C. Hillman
United States Bankruptcy Judge

Dated: July 10, 2014

Counsel Appearing:

    Taylor A. Greene, Swiggart & Agin, LLC, Boston, MA,
        for the Trustee
    Gary W. Cruickshank, Law Office of Gary W. Cruickshank, Boston, MA,
        for the Debtor